**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian L. Bentley, et al., | No. CV-17-00966-PHX-DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Mesa, et al., | |
| Defendants. | |

Plaintiffs Brian and Janna Bentley and their minor children bring this action under 42 U.S.C. § 1983, alleging violations of the First, Fourth, and Fourteenth Amendments against the City of Mesa and several Mesa police officers ("City Defendants"), and against two Arizona Department of Child Safety employees ("State Defendants"). Doc. 59. The Court granted the City Defendants' summary judgment motion and granted in part the State Defendants' summary judgment motion. Doc. 157. A trial on the remaining claims against the State Defendants likely will be held in early 2021. *See* Doc. 164 (the parties' joint memorandum requesting a three-day jury trial between January and April 2021).[1]

The City Defendants move for the entry of a separate final judgment under Rule 54(b) of the Federal Rules of Civil Procedure. Doc. 165. For reasons stated below, the Court will deny the motion.

---

[1] The trial has been delayed due to the COVID-19 pandemic and pending criminal trials that take precedence over civil trials. *See* Doc. 165.

Rule 54(b) provides that when more than one claim for relief is presented in an action, or when multiple parties are involved, the district court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The entry of such judgments "must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Morrison-Knudsen Co., Inc. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981); *see Gausvik v. Perez*, 392 F.3d 1006, 1009 n.2 (9th Cir. 2004) ("[I]n the interest of judicial economy Rule 54(b) should be used sparingly.  The rule was not meant to displace the 'historic federal policy against piecemeal appeals.'") (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956)).

The City Defendants argue that entry of a partial final judgment is appropriate because the Court granted summary judgment in their favor "based on legal and factual issues that are distinct to police officers and a municipality[,]" and the "only unresolved claim before the Court relates to alleged, religious discrimination as to the State [Defendants]." Doc. 165 at 3-4.  Thus, the City Defendants contend, the entry of a separate judgment will not "tie up an overcrowded appellate court with piecemeal appeals on the same issues." *Id.* at 3.  The City Defendants further contend that the delayed resolution of this case prejudices them, but present no specific argument or facts in support of this contention. *Id.* at 4-5.

This is not the "unusual case" where the pressing needs of a litigant outweigh the importance of avoiding multiple proceedings and the overcrowding of the appellate docket. *See Morrison-Knudsen*, 655 F.2d at 965; *see also Sanchez v. Maricopa Cty.*, No. CV 07-1244-PHX-JAT, 2008 WL 2774528, at *1 (D. Ariz. July 14, 2008) ("The Court finds that this is not the rare case that justifies sending up piecemeal appeals to the Circuit Court.  Plaintiff has not shown the sort of pressing needs contemplated by a grant of a [Rule] 54(b) motion, and denial of his motion will not lead to a harsh or unjust result."); *Alexander v.*

*City of Mesa*, No. CV-14-00754-PHX-SPL, 2015 WL 13655444, at *2 (D. Ariz. Nov. 6, 2015) ("Plaintiff does not show that this is one of those exceptional cases where the pressing needs of a litigant demands accelerated final adjudication as a matter of equity."). Refraining from entering final judgment until after all claims are adjudicated will ensure that piecemeal appeals are avoided. The Court will exercise its discretion and deny the City Defendants' motion for entry of judgment under Rule 54(b). *See Blair v. Shanahan*, 38 F.3d 1514, 1522 (9th Cir. 1994) (the district court did not err in denying a Rule 54(b) request where a short trial was to begin in several months and the entire case could be reviewed after trial); *In re Lindsay*, 59 F.3d 942, 951 (9th Cir. 1995) (warning about the "dangers of profligate Rule 54(b) determinations" in finding that the bankruptcy court erred in entering a partial final judgment).

**IT IS ORDERED** that Defendants' motion for entry of Rule 54(b) final judgment (Doc. 165) is **denied**.

Dated this 21st day of September, 2020.

David G. Campbell
Senior United States District Judge