**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian L. Bentley, et al., | No. CV-17-00966-PHX-DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Mesa, et al., | |
| Defendants. | |

Plaintiffs Brian and Janna Bentley and their minor children bring this action under 42 U.S.C. § 1983 against two Arizona Department of Child Safety employees ("State Defendants"). Doc. 59. The Court granted the State Defendants' summary judgment motion in part, and denied it on Plaintiffs' religious discrimination claims. Doc. 157. A trial on that claim is scheduled for January 22, 2001.[1]

The State Defendants have filed four motions in limine (Docs. 169, 170, 171, and 172), and Plaintiffs have filed responses (Docs. 177, 178, 179, 180). No party requests oral argument. The Court will address the motions separately.

As an initial matter, the Court notes that Plaintiffs' counsel's briefs contain inappropriate language. Counsel should present well-crafted legal arguments, not

---

[1] The trial has been delayed due to the COVID-19 pandemic and pending criminal trials that take precedence over civil trials. *See* Doc. 165. The Court will confer with the parties at the final pretrial conference on December 11, 2020, about whether the trial can proceed as scheduled in light of currently increasing virus infection rates.

assertions that Defendants' motions are "absurd" (Doc. 177 at 2), "ludicrous" (Doc. 178 at 1), or "outrageous" (Doc. 180 at 1).  Such intemperate language is not only unprofessional, it detracts from rather than supports Plaintiffs' position.

### A. Defendants' Motion in Limine No. 1.

Defendants ask the Court to exclude evidence that Plaintiffs were charged with misdemeanors for their alleged neglect of T.A. and were acquitted after trial.  Doc. 169. Defendants assert that the remaining two State Defendants had nothing to do with the "criminal prosecution undertaken by the City of Mesa and the Mesa Police Department" (*id.* at 2), but they cite no evidence in support.  Plaintiffs allege in their amended complaint that the prosecution was undertaken by the State of Arizona.  Doc. 59, ¶ 147.  They assert in their response to the motion that the State Defendants' report "led directly" to the City prosecution, and that the State Defendants "were the initiating party" for the prosecution (Doc. 177 at 2), but they too cite no evidence in support.

The Court cannot determine who is correct without supporting evidence.  The parties should be prepared to address this issue at the final pretrial conference on Friday. The question will be whether there is evidence from which a reasonable jury could find that the actions of two State Defendants caused or contributed to the prosecution.  Fed. R. Evid. 104(b).  If the parties plan to cite documents in support of their assertions, they should be prepared to cite to them in the record.

### B. Defendants' Motion in Limine No. 2.

The State Defendants move to exclude evidence that the State initiated proceedings against Plaintiffs after the criminal charges were dismissed.  Doc. 170.  In June 2017, the Arizona Department of Child Safety ("DCS") started an investigation into whether Mr. and Mrs. Bentley should be placed on the DCS Central Registry.  Doc. 59 at 33-34.  The investigation finished in November 2017 with a decision to place the parents on the registry based on a finding that they neglected T.A. and failed to provide supervision while he was missing.  *Id*. at 34-35.  The Bentleys requested a hearing before an administrative law judge

who ruled in their favor. DCS adopted the ALJ's opinion and did not add the Bentleys to the registry. *Id.* at 35-36.

The State Defendants argue that they had no involvement in these proceedings and that evidence of the proceedings should therefore be excluded under Rule 403. Plaintiffs make the contrary argument. Again, however, no party cites evidence in support of its position, so the Court cannot tell who is correct. The parties should be prepared to address this issue at Friday's conference, with citation to evidence. The question will be whether there is evidence from which a reasonable jury could find that the actions of two State Defendants caused or contributed to the state proceedings. *See* Fed. R. Evid. 104(b).

### C.    Defendants' Motion in Limine No. 3.

Defendants seek to exclude damages evidence by Plaintiffs, arguing that such evidence was not disclosed. Defendants cite Plaintiffs' Rule 26 disclosure statements and discovery responses. Doc. 171. Defendants' exhibits include 20 pages of documents disclosed by Plaintiffs which appear to be related to damages (*id.* at 44-64), and Plaintiffs assert that the motion should be denied in light of these disclosures. Doc. 179.

Defendants do not contend that Plaintiffs failed entirely to respond to their document production requests – to the contrary, they include 20 pages of documents that were produced – so sanctions under Rule 37(d) do not appear to be appropriate. Defendants do not cite this rule.

If Defendants' motion has merit, therefore, it must be on the basis of Rule 37(c) for failure to provide the damages computation required by Rule 26(a)(1)(A)(iv). Defendants never mention these rules either. Exclusion of evidence is not warranted under Rule 37(c) if the failure to disclosure was "substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). Defendants do not address either of these requirements, and therefore do not explain whether Plaintiffs' disclosure of the pages attached to Defendants' motion rendered any other non-disclosure harmless. Nor do Defendants describe what they learned about Plaintiffs' damages in their depositions. *See* Fed. R. Civ. P. 26(e)(1)(A) (supplementation of disclosures not required if information "has not otherwise been made known . . . during

the discovery process"). Defendants have not shown they are entitled to the requested relief, and the Court will deny the motion.

### D. Defendants' Motion in Limine No. 4.

The State Defendants ask the Court to exclude evidence of the emergency room examination of T.A. and his forensic interview, arguing that the Court granted summary judgment to the State Defendants for claims based on these events. Doc. 172. But the Court's grant of summary judgment was based on qualified immunity. *See* Doc. 157 at 8-18. The Court found that there was no clearly established law on the constitutionality of the events alleged in Count 3-7, not that the State Defendants were not involved in these events. *Id.* Their involvement in the emergency room exam and the forensic interview may support Plaintiffs' claim of religious discrimination, a claim for which the Court did not find qualified immunity. *Id.* This motion will be denied.

**IT IS ORDERED:**

1. The State Defendants' motions in limine 1 and 2 (Docs. 169, 170) are taken under advisement.

2. The State Defendants' motions in limine 3 and 4 (Docs. 171, 172) are **denied**.

Dated this 8th day of December, 2020.

David G. Campbell
Senior United States District Judge

- 4 -