**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian L. Bentley, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>City of Mesa, et al.,<br><br>  Defendants. | No. CV-17-00966-PHX-DGC<br><br>**ORDER** |

On December 8, 2020, the Court entered an order on State Defendants' motions in limine (Docs. 169, 170, 171, and 172) and took two of them under advisement (Doc. 185). The Court heard further argument on the two motions on December 11, 2020, and now rules.

**A.   Defendants' Motion in Limine No. 1.**

Defendants ask the Court to exclude evidence that Mr. and Mrs. Bentley were charged with misdemeanors for their alleged neglect of T.A. and were acquitted after trial. Doc. 169. Defendants assert that the remaining two State Defendants had nothing to do with the criminal prosecution undertaken by the City of Mesa and the Mesa Police Department. *Id.* at 2. Plaintiffs allege in their amended complaint that the prosecution was undertaken by the State of Arizona. Doc. 59, ¶ 147. They assert in their response to the motion that the State Defendants' report "led directly" to the City prosecution and that the State Defendants "were the initiating party" for the prosecution. Doc. 177 at 2.

The parties cited no evidence in their motion in limine briefing. The Court accordingly instructed them to be prepared at the final pretrial conference to provide evidence from which a reasonable jury could find that the actions of two State Defendants caused or contributed to the prosecution. Doc. 185; Fed. R. Evid. 104(b). During the conference, Defendants cited specific evidence in the record to support their position. Plaintiffs cited trial exhibits which are not in the Court's possession. The Court accordingly instructed Plaintiffs to file a memorandum identifying the location of the evidence in the record. Although Plaintiffs eventually did so, the memorandum cites more than 80 pages of record without identifying where in these pages the relevant evidence can be found. Doc. 190. The Court has done its best to review these pages and finds no evidence from which a reasonable jury could find that the actions of the two State Defendants caused or contributed to the City prosecution.

The evidence shows that Defendants became involved in the investigation of the Bentleys at the request of the Mesa Police Department (Doc. 140-2 at 31); Defendants' employer, the Department of Child Services ("DCS"), does not have authority to initiate criminal prosecutions (Doc. 138-2 at 51-52); Mesa police officers wrote an extensive report about the incident (Doc. 132-4 at 23-55); Mesa police officers determined there was probable cause to prosecute Mr. and Mrs. Bentley (Docs. 132-4 at 52-54; 140-1 at 319); a Mesa city prosecutor made the decision to prosecute the Bentleys on the basis of the police department report (Doc. 140-2 at 47-50); and the prosecution occurred in Mesa Municipal Court (*id*).

Plaintiffs make no argument that connects Defendant Cordova to the prosecution. Defendant Baggen wrote a DCS report which recommended that neglect allegations against the Bentleys be substantiated (apparently by further investigation) (Doc. 132-4 at 102), and Plaintiffs claim that this report was used in the City prosecution. But mere use of Baggen's report would not support a reasonable jury verdict that she caused the prosecution to occur, particularly in light of evidence that the prosecution was initiated by a city prosecutor on the basis of the Mesa Police Department report. Doc. 140-2 at 47-50.

Because there is insufficient evidence to attribute the City's prosecution of the Bentleys to Defendants Cordova or Baggen, the prosecution is not relevant to Plaintiffs' claims against these Defendants. The Court will grant Defendants' Motion in Limine No. 1 (Doc. 169).[1]

### B. Defendants' Motion in Limine No. 2.

In June 2017, DCS started an investigation into whether Mr. and Mrs. Bentley should be placed on the DCS Central Registry. Doc. 59 at 33-34. The Central Registry is a DCS-maintained document that lists people with proven reports of child abuse or neglect. The investigation ended in November 2017 with a decision to place the Bentleys on the Registry based on a finding that they neglected T.A. and failed to provide supervision while he was missing. *Id*. at 34-35. The Bentleys requested a hearing before an administrative law judge who ruled in their favor. DCS adopted the ALJ's opinion and the Bentleys were not placed on the Registry. *Id*. at 35-36.

The State Defendants move to exclude evidence of these proceedings. Doc. 170. Baggen and Cordova argue that they were not involved in the proceedings and that evidence of the proceedings should therefore be excluded under Rule 403. The question, again, is whether there is evidence from which a reasonable jury could find that the actions of Defendants caused or contributed to the state proceedings. Fed. R. Evid. 104(b).

Defendant Cordova's only involvement in this case was to assist Defendant Baggen on the day of T.A.'s recovery. Plaintiffs have presented no evidence that she was involved after that day or that she assisted in Baggen's preparation of the report recommending that allegations of neglect be substantiated by DCS. *See* Doc. 138-2 at 23-25. Because there is no evidence from which a jury could find that Cordova's actions led to the subsequent DCS action, the Court will grant Defendant's motion with respect to her.

---

[1] Defendants base their motion on Federal Rule of Evidence Rule 403. Because the prosecution is not relevant to the claim against Defendants, the Court finds that the danger of unfair prejudice, confusion of the jury, and waste of time substantially outweighs any probative value of the prosecution evidence. Fed. R. Evid. 403.

Defendant Baggen, however, specifically recommended that DCS substantiate the neglect allegations against the Bentleys. Doc. 132-4 at 102. DCS did so. Although the effort to place the Bentleys on the Registry was initiated and pursued by others within DCS, the Court concludes that a jury reasonably could find that Defendant Baggen helped cause the alleged violation of Plaintiffs' rights. As the Ninth Circuit has explained:

> A [defendant] need not have been the sole party responsible for a constitutional violation before liability may attach. . . . This theory of liability does not require that each officer's actions themselves rise to the level of a constitutional violation. Instead, liability may attach if the officer has some fundamental involvement in the conduct that allegedly caused the violation. A theory of integral participation thus comports with general tort principles of causation applicable to a § 1983 action: Government officials, like other defendants, are generally responsible for the natural or reasonably foreseeable consequences of their actions. Even though an intervening decision of an informed, neutral decision-maker breaks the chain of causation, the chain of causation is not broken where the intervening decision was foreseeably influenced by the defendant. Thus, under our case law, an officer could be held liable where he is just one participant in a sequence of events that gives rise to a constitutional violation.

*Nicholson v. City of Los Angeles*, 935 F.3d 685, 691-92 (9th Cir. 2019) (quotation marks, citations, and brackets omitted).

Applying this law, a reasonable jury could find that Defendant Baggen was a cause of the DCS action to place the Bentleys on the Registry. The DCS action is therefore relevant to the claim against Baggen, and the Court cannot conclude that its probative value is substantially outweighed by the danger of unfair prejudice, jury confusion, or wasting time. Fed. R. Evid. 403. The Court therefore will deny Defendant's motion with respect to Baggen. The Court will instruct the jury at trial that evidence regarding the DCS proceeding is admissible only against Defendant Baggen. The parties should remind the Court to give this limiting instruction at trial.[2]

---

[2] The parties have not proposed that a causation instruction be included in the final jury instructions. The parties should consider whether such an instruction would be appropriate and, if so, raise it with the Court.

**IT IS ORDERED:**

1. The State Defendants' motion in limine 1 (Doc. 169) is **granted**.
2. The State Defendants' motion in limine 2 (Doc. 170) is **granted** with respect to Defendant Cordova and **denied** with respect to Defendant Baggen.

Dated this 18th day of December, 2020.

*David G. Campbell*
David G. Campbell
Senior United States District Judge